## MYERS v. TWELFTH WARD BANK OF CITY OF NEW YORK.

(Supreme Court. Appellate Term.   June 28, 1899.)

1. APPEAL—QUESTIONS OF FACT.

Where judgment is rendered for defendant, the findings of fact of the trial court must, on appeal, be considered as having been against plaintiff.

2. BANKS—SPECIAL DEPOSIT.

Plaintiff's messenger, in making a deposit, remarked to the teller that it was to cover checks that would be in that day.   The teller made no reply. Neither the ticket which accompanied the deposit nor the entry in the depositor's book showed that the deposit was other than an ordinary one. *Held* insufficient to impress on such deposit a trust for the payment of any particular check.

Appeal from municipal court, borough of Manhattan, First district.

Action by Philip V. Myers against the Twelfth Ward Bank of the City of New York.   From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

Wm. Cleveland Cox, for appellant.
Charles W. Dayton, for respondent.

MacLEAN, J.   On April 19, 1897, the plaintiff received from one
Eli Smith the latter's check upon the defendant.   The plaintiff kept
the check until notified by the drawer on Saturday, April 24th, to
present it.   On that day he deposited it with the Ninth National
Bank, from which it reached the defendant, through the clearing
house, between 1 and half past 1 on April 26th.   It was not paid,
because, as claimed by the defendant, there was served upon it before
that hour, namely, between 12 and 1 o'clock, an affidavit and order for
its examination, as a third party, in the action of Edith Hicks against
said Eli Smith, and forbidding the transfer or other disposition of
any property belonging to the judgment debtor.   Later on, the bal-
ance standing to the credit of Smith was paid over by the defendant
to a receiver appointed in proceedings supplementary to execution.
The check from Smith to the plaintiff was returned, with others drawn
by Smith, to the clearing house by the defendant bank that afternoon.
This action was brought to recover the amount of the check, on the
allegations "that, before and at the time said check was presented for
payment, said Smith's account at the bank was good, and that there
had been deposited in said defendant bank the sum of $———, which
was more than sufficient to pay said check, which. deposit was made
with the especial purpose of providing for said check; all of which was
explained to the proper officers of the bank at the time of said deposit,
and to which they assented and agreed."   The plaintiff did not claim
that the bank would have acted improperly in paying over the money
to the receiver had this been an ordinary deposit, and providing the
check was really received through the clearing house after the service
of the order for the examination and injunction, but he endeavored to
make. out, by the testimony of a witness, that the respective times
stated above, and which were given by the cashier of the bank, were
inaccurate.   As to this, the justice must be considered as having
found against him, as he rendered judgment in favor of the defendant.
This is sufficient for the disposition of this appeal.   The attempt of
the plaintiff to impress upon the deposit above shown a specific trust
to pay certain checks, including the one upon which this action is
brought, was futile.   The only evidence in support of it was given
by one E. D. Smith, who made the deposit.   He testified:

"I told him [the teller], as I handed him the deposit, that that was to cover
checks that would be in that day.   Q. Did he make any remark?   A. Not that
I know of.   He may have said, 'All right,' or nodded his head.   He was busy
at the time.   *   *   *   That special check I did not refer to,—any checks that
would be in that day.   There was money sufficient to cover any checks."

Neither the ticket which accompanied the deposit nor its entry in
the depositor's book contained any suggestion that the deposit was
other than an ordinary deposit.   They evidence only an ordinary
transaction, familiar to all in commerce, and governed by a custom
well understood,—a transaction in which the teller, by being, so to

say, exhibited at his window, was held out by the bank as authorized on the one hand to receive the deposit proffered, with a written statement for subsequent comparison by another employé, and for entry by still another to the credit of the depositor's account, and, on the other hand, to vouch for the receipt of the money by a debit to the bank in the customer's book. It is hardly to be assumed that any other than the executive officer of the bank could bind it by the novel, or, at least, unusual, agreement to take a deposit to meet indefinite checks to be presented (whensoever drawn) on that particular afternoon. To show that any one, even the executive officer, did so, it is needful to prove that he heard the condition professedly made by the depositor's messenger, and that is not proven by one testifying that the words were uttered at a man who was busy at the time, and made no remark that the witness knew of, even though the witness volunteered, "He may have said, 'All right,' or nodded his head." The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.